```
                   UNITED STATES DISTRICT COURT
              FOR THE MIDDLE DISTRICT OF PENNSYLVANIA
```

| | | |
|---|---|---|
| J.P. DONMOYER, INC., | : | **CIVIL NO. 1:09-CV-486** |
| Plaintiff | : | (Magistrate Judge Smyser) |
| v. | : | |
| UTILITY TRAILER MANUFACTURING COMPANY, et al., | : | |
| Defendants | : | |

## MEMORANDUM AND ORDER

I. Background and Procedural History.

The plaintiff, J.P. Donmoyer, Inc., commenced this action in the Court of Common Pleas of Lebanon County, Pennsylvania. The case was removed to this Court on March 16, 2009.

The complaint names two defendants: Utility Trailer Manufacturing Company (Utility Trailer) and Haldex Brake Products Corporation (Haldex).

The plaintiff alleges that, at all material times, it was in the business of hauling freight by means of over-the-road tractor trailers, Utility Trailer was in the business of designing, manufacturing and selling trailers used for the purpose of hauling freight over the roads and Haldex was in the business of designing, manufacturing and selling braking systems, which were designed to be and were installed in trailers used in hauling freight over the roads. The plaintiff alleges that, in June of 2007, it purchased from Utility Trailer twenty-five trailers equipped with a brake system manufactured and supplied by Haldex. The plaintiff alleges that, on October 24, 2007, the brake system of one of those trailers malfunctioned causing the left (roadside) brakes to remain actuated, that the failure of the brakes to release caused those brakes to overheat and catch on fire and that the fire spread throughout the trailer destroying the trailer and all of its contents.

The complaint contains eight counts. The first six counts relate to the fire of the one trailer. Count I is a breach of express warranty claim against Utility Trailer.

Count II is a breach of express warranty claim against Haldex. Count III is a breach of implied warranties claim against Utility Trailer. Count IV is a breach of implied warranties claim against Haldex. Count V is a products liability claim against Utility Trailer. Count VI is a products liability claim against Haldex. The remaining counts relate to the "scuff guards" provided in the trailers. Count VII is breach of express warranty claim against Utility Trailer. Count VIII is breach of implied warranties claim against Utility Trailer.

On April 8, 2009, defendant Haldex filed an answer to the complaint. On April 14, 2009, defendant Utility Trailer filed an answer to the complaint and a cross claim against defendant Haldex based on contribution and indemnity. On May 4, 2009, defendant Haldex filed a cross claim against defendant Utility Trailer based on contribution and indemnity.

The parties consented to proceed before a magistrate judge pursuant to 28 U.S.C. § 636(c). The case is scheduled for a pretrial conference on August 19, 2010 and a jury trial beginning on September 7, 2010.

On July 15, 2010, defendant Utility Trailer filed a motion for partial summary judgment and a brief in support of that motion. Defendant Utility Trailer is seeking summary judgment as to Counts I, III and V of the complaint. The plaintiff did not timely file a brief in opposition to the motion for partial summary judgment, and by an Order dated August 3, 2010, we granted Utility Trailer's motion for partial summary judgment. The plaintiff subsequently filed a motion to vacate the Order of August 3, 2010. By an Order dated August 6, 2010, the plaintiff's motion to vacate was granted, the Order of August 3, 2010 was vacated, the plaintiff's brief in opposition to the motion for partial summary judgment was deemed timely filed and August 11, 2010 was set as the deadline for filing a reply brief in support of the motion for partial summary judgment. On August 11, 2010, defendant Utility Trailer filed a reply brief.

In this Memorandum and Order we address defendant Utility Trailer's motion for partial summary judgment.

II. Summary Judgment Standards.

Summary judgment is appropriate if the "pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(c). The moving party bears the initial responsibility of informing the court of the basis for its motion and identifying those portions of the record which demonstrate the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). With respect to an issue on which the nonmoving party bears the burden of proof, the moving party may discharge that burden by "'showing'-- that is, pointing out to the district court -- that there is an absence of evidence to support the nonmoving party's case." *Id.* at 325. Once the moving party has met its burden, the nonmoving party may not rest upon the mere allegations or denials of its pleading; rather, the nonmoving party must "set out specific facts showing a genuine issue for trial." Fed.R.Civ.P. 56(e)(2).

5

A material factual dispute is a dispute as to a factual issue the determination of which will affect the outcome of the trial under governing law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). "Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment." *Id.*

Summary judgment is not appropriate when there is a genuine dispute about a material fact. *Id.* at 248. A dispute as to an issue of fact is "'genuine' only if a reasonable jury, considering the evidence presented, could find for the non-moving party." *Childers v. Joseph*, 842 F.2d 689, 693-94 (3d Cir. 1988). "Where the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, there is no 'genuine issue for trial.'" *Matsushita Elec. Industrial Co. v. Zenith Radio Corp.,* 475 U.S. 574, 587 (1986). "If the evidence is merely colorable . . . or is not significantly probative . . . summary judgment may be granted." *Anderson, supra,* 477 U.S. at 249-50. In determining whether a genuine issue of material fact exists, the court must consider all evidence in the light most favorable to the non-moving

6

party. *White v. Westinghouse Electric Co.*, 862 F.2d 56, 59 (3d Cir. 1988).

At the summary judgment stage, the judge's function is not to weigh the evidence and determine the truth of the matter, but is to determine whether there is a genuine issue for trial. *Anderson, supra,* 477 U.S. at 249. The proper inquiry of the court in connection with a motion for summary judgement "is the threshold inquiry of determining whether there is the need for a trial - whether, in other words, there are any genuine factual issues that properly can be resolved only by a finder of fact because they may reasonably be resolved in favor of either party." *Id.* at 250.

III. Discussion.

Defendant Utility Trailer contends that the plaintiff's breach of express warranty claim in Count I of the complaint and the plaintiff's breach of implied warranties claim in Count III of the complaint are barred by the terms of the warranty attached as Exhibit A to the complaint. Defendant Utility

7

Trailer also contends that the warranty attached as Exhibit A to the complaint limits damages to those related to repair or replacement and that, therefore, the plaintiff's requests for damages related to destroyed cargo, rental damages and a towing and recovery bill are barred.

The warranty attached to the complaint as Exhibit A is entitled "5 Year Warranty" and provides, in pertinent parts:

> . . . Utility Trailer Manufacturing Company warrants to the first purchaser only, the described new trailer manufactured by it to be free from defects in materials and workmanship . . .
>
> Utility Trailer Manufacturing Company's sole obligation under this warranty shall be limited to the repair or replacement, at its option, of any defective part of said trailer which is the result of defective material and/or defective workmanship of parts furnished and installed by Utility Trailer Manufacturing Company. . . .
>
> The warranty herein is expressly in lieu of any an all other warranties, expressed or implied. No implied warranty of merchantability is made and there are no warranties which extend to use of the trailer for purposes beyond the description hereof.
>
> The warranty herein does not apply to, and Utility Trailer Manufacturing Company makes no warranties, express or implied, with respect to:

8

> . . .
> 2. Parts, accessories, or other goods
> manufactured by others. (Utility Trailer
> Manufacturing Company will assign to customer
> any warranties extended to it by the makers or
> suppliers of such goods.)
>
> . . .
>
> LIMITATIONS ON MANUFACTURER'S LIABILITY
> Manufacturer and Customer agree that
> Manufacturer shall have no liability for any
> cargo loss, loss of use or any other incidental
> or consequential damages arising out of this
> order which are alleged to have been caused by
> any of the goods delivered hereunder.
>
> Customer and Manufacturer further agree that
> customer's sole remedy for any defects in new
> goods delivered hereunder, whether customer's
> claims arises under the warranty set forth
> above, or otherwise, shall be limited to the
> repair or replacement at manufacturer's option
> within five (5) years after delivery of such
> goods to the first purchaser, of any defective
> goods, of which notice of the defects is given
> by Customer to Manufacturer immediately after
> such defect is or ought to have been discovered
> and which goods are returned to Manufacturer
> within ten (10) days after Manufacturer
> requests their return for inspection and/or
> repair or replacement.

*Doc. 1-2* at 16-17.

The plaintiff claims that the fire was caused by a defect in the braking system. Defendant Utility Trailer

contends that the braking system was manufactured by Haldex, that the "5 Year Warranty" excludes "parts, accessories or other goods manufactured by others" and that, therefore, the express warranty claim in Count I of the complaint must fail. Defendant Utility Trailer also contends that the "5 Year Warranty" disclaims the implied warranty of merchantability and fitness for a particular purpose and that, therefore, the implied warranties claim in Count III of the complaint is not actionable. Defendant Utility Trailer also contends that the limitation of liability clause in the "5 Year Warranty" limits the damages that the plaintiff may claim to those related to repair or replacement.

The plaintiff concedes that if the "5 Year Warranty" is applicable its express and implied warranty claims based on a defect in the brake system are precluded. The plaintiff also concedes that if the "5 Year Warranty" applies the damages it may recover under its products liability claim are limited under the limitation of liability clause. The plaintiff, however, contends that the provisions of the "5 Year Warranty" relied upon by Utility Trailer are not applicable.

10

The plaintiff asserts that it entered into a contract with defendant Utility Trailer on March 23, 2007 for the purchase of 25 trailers by executing an "acceptance form" on the last page of a written offer from Utility Trailer dated March 16, 2007. *Doc. 48-4 (Affidavit of James M. Kretz)* at 1. *See also Doc. 48-2 (written quote and acceptance).* The plaintiff asserts that this document was the last in a series of negotiations between that parties, that the negotiations included several written offers from Utility Trailer to the plaintiff and that the March 16, 2007 offer was the only offer which was accepted. *Doc. 48-4 (Affidavit of James M. Kretz)* at 1. The plaintiff further asserts that throughout the period of negotiations and at the time of acceptance Utility Trailer represented to the plaintiff that a "repair and replace" warranty would be a part of the contract between the parties, that that was the only representation Utility Trailer made about an express warranty or its terms and that at the time of acceptance such express warranty was a part of the contract between the parties. *Id.* at 1-2. The plaintiff asserts that, subsequent to the formation of the contract and at the time of delivery of the trailers, Utility Trailer delivered to the

11

plaintiff the document entitled "5 Year Warranty" and that the
"5 Year Warranty" contains additional terms which were not part
of the express warranty negotiated by the parties at the time
of the formation of the contract. *Id.* at 2. The plaintiff
asserts that it never agreed to the disclaimer of implied
warranties, the limitation of the warranty to parts
manufactured by Utility Trailer or the limitation of liability
clause contained in the "5 Year Warranty." *Id.*

The plaintiff argues that it did not agree to the
disclaimer of implied warranties, the limitation of the
warranty to parts manufactured by Utility Trailer or the
limitation of liability clause contained in the "5 Year
Warranty" and that, therefore, those provisions are not part of
the contract between the parties and are not applicable.

Accepting the plaintiff's evidence as true, there is no
basis to conclude that the plaintiff expressly agreed to the
disclaimer of implied warranties or to the limitation of the
warranty to parts manufactured by Utility Trailer contained in
the "5 Year Warranty."

12

Pursuant to Section 2-207 of the Uniform Commercial Code, proceeding with a contract after receiving a writing that purports to define the terms of the contract is not sufficient to establish consent to the terms of the writing to the extent that the terms of the writing either add to, or differ from, the terms detailed in the parties earlier writings or discussions. *Step-Saver Data Systems, Inc. v. Wyse Technology*, 939 F.2d 91, 99 (3d Cir. 1991). The disclaimer of implied warranties and the limitation of the warranty to parts manufactured by Utility Trailer contained in the "5 Year Warranty" add to or differ from the terms that the plaintiff asserts were agreed upon at the time the contract was formed. Therefore, that the plaintiff accepted the trailers and that the "5 Year Warranty" was delivered with the trailers is not a basis for concluding that the plaintiff agreed to the disclaimer of implied warranties or to the limitation of the warranty to parts manufactured by Utility Trailer contained in the "5 Year Warranty."

Based on the plaintiff's evidence, a reasonable trier of fact could conclude that the plaintiff did not agree to the

13

disclaimer of implied warranties or to the limitation of the warranty to parts manufactured by Utility Trailer contained in the "5 Year Warranty." Defendant Utility Trailer, however, in its reply brief disputes the plaintiff's evidence. It accuses the plaintiff of "fabrication of the evidence." *Doc. 56* at 1. It asserts that it was not a party to the negotiations with the plaintiff and that the transaction was negotiated with a different company - Utility/Keystone Trailer Sales, Inc. (Keystone). It asserts that Keystone is a corporation that serves as a dealer for trailer manufacturers and that Keystone, after its negotiations with the plaintiff, produced and sent to Utility Trailer a production order for the trailers. Utility Trailer asserts that the plaintiff can not produce any evidence that it negotiated a warranty with Utility Trailer.

When deciding a defendant's motion for summary judgment, we must accept the plaintiff's evidence. The plaintiff has presented evidence (the affidavit of James M. Kretz) that Utility Trailer represented to the plaintiff that a "repair and replace" warranty would be a part of the contract between the parties and that at the time of acceptance such

14

express warranty was a part of the contract between the parties. The disclaimer of implied warranties and the limitation of the warranty to parts manufactured by Utility Trailer contained in the "5 Year Warranty" add to or differ from the terms that the plaintiff asserts were agreed upon at the time the contract was formed. Accordingly, we conclude that defendant Utility Trailer is not entitled to summary judgment as to Counts I and III of the complaint.[1]

The outcome with respect to the limitation of liability clause is different. The plaintiff asserts that at the time of acceptance Utility Trailer represented to the plaintiff that a "repair and replace" warranty would be a part of the contract between the parties. The limitation of liability clause in the "5 Year Warranty" limits the plaintiff's damages to repair or replacement. Thus, on the basis of the evidence presented we can not conclude that the limitation of liability clause

---

1. We note that defendant Utility Trailer did not comply with Local Rule 56.1 which requires that a motion for summary judgment "shall be accompanied by a separate, short and concise statement of the material facts, in numbered paragraphs, as to which the moving party contends there is no genuine issue to be tried." If it had done so, perhaps the materials facts regarding the roles of the various parties and companies would have been clarified.

15

materially altered the terms of the agreement that the plaintiff asserts that the parties reached. Accordingly, we conclude that the limitation of liability clause is applicable and limits the plaintiff's damages.

Defendant Utility Trailer contends that it is entitled to summary judgment on the plaintiff's products liability claim because Pennsylvania law requires that the plaintiff establish that the injuries sustained were caused by a particular manufacturer and the plaintiff can not prove that Utility Trailer manufactured the braking system. However, a strict liability products liability claim may be brought against any seller of a defective product if that seller is engaged in the business of selling such a product. *See Childers v. Joseph,* 842 F.2d 689, 695-96 (3d Cir. 1988). Thus, defendant Utility Trailer is not entitled to summary judgment on the basis that it was not the manufacturer of the braking system.

Defendant Utility Trailer also argues that it is entitled to summary judgment on the plaintiff's products liability claim because the plaintiff has not issued an expert

16

report critical of Utility Trailer or accusing Utility Trailer of creating or having knowledge of any defect and there is no discovery that is critical of Utility Trailer or that implicates Utility Trailer. The plaintiff counters that it has offered expert testimony demonstrating that the product was defective and that the defect caused harm.[2] The plaintiff has not provided expert testimony in response to the partial motion for summary judgment. However, the plaintiff's expert reports have been submitted in connection with a separate motion *in limine* which is pending before this court.[3] That the plaintiff's expert reports are not critical of Utility Trailer is of no moment because in a products liability action the focus is on the product and not the conduct of the parties. *Gaudio v. Ford Motor Co.,* 976 A.2d 524, 542 (Pa.Super.Ct. 2009)(observing that "the focus in all products liability cases must be on the product and not on the conduct of the parties").

---

2. The plaintiff also mentions admissions of the parties. However, the plaintiff has not provided any admissions to the court in opposition to the motion for partial summary judgment.

3. That motion *in limine*, filed by defendant Haldex, raises a *Daubert* challenge to the plaintiff's expert reports. We note that defendant Utility Trailer has not raised such a challenge to the plaintiff's expert reports.

17

Defendant Utility Trailer has not established that it is entitled to summary judgment on the plaintiff's products liability claim.

IV. Order.

**IT IS ORDERED** that defendant Utility Trailer's motion (doc. 41) motion for partial summary judgment is **GRANTED IN PART AND DENIED IN PART.** The motion is granted to the extent that the limitation of liability clause in the "5 Year Warranty" is applicable and limits the plaintiff's damages. The motion is otherwise denied.

*/s/ J. Andrew Smyser*
J. Andrew Smyser
Magistrate Judge

Dated: August 11, 2010.